**Vigen NAZARYAN, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70738.

United States Court of Appeals, Ninth Circuit.

Submitted July 24, 2006.*

Filed Aug. 2, 2006.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Vigen Nazaryan, Glendale, CA, Pro se.

Boris Baladjanian, Valencia, CA, for Petitioner.

CAC–District Counsel, Esq., Ronald E. LeFevre, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, David B. Joyce, Esq., DOJ–U.S. Department Of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN, HAWKINS, and THOMAS, Circuit Judges.

MEMORANDUM **

Vigen Nazaryan, a native and citizen of Armenia, petitions for review of the denial of his application for asylum, withholding of removal and protection under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

The Immigration Judge ("IJ") made an adverse credibility finding, which the Board of Immigration Appeals ("BIA") affirmed without opinion. We review the IJ's decision as if it were that of the BIA for substantial evidence and will reverse only if the record compels a contrary conclusion. *Ge v. Ashcroft*, 367 F.3d 1121, 1124 (9th Cir.2004). "So long as one of the identified grounds is supported by substantial evidence and goes to the heart of

[Nazaryan's] claim of persecution, we are bound to accept the IJ's adverse credibility finding." *Wang v. INS*, 352 F.3d 1250, 1258 (9th Cir.2003).

The IJ identified specific, cogent inconsistencies in Nazaryan's recitation of the dates of his detention in 2000. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir.2003) (reciting requirement that factfinder establish "specific, cogent reasons for disbelief"). The written declaration attached to his asylum application specified different dates, and a longer period of time, than those to which he initially testified at the hearing. The IJ also found inconsistency because during the course of Nazaryan's testimony he recited different dates for the detention. The length and plausibility of his detention go to the heart of Nazaryan's asylum claim. *See Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004). We are bound to accept the IJ's adverse credibility finding because the evidence does not compel a contrary finding. *See Wang*, 352 F.3d at 1259.

Because the asylum petition fails, Nazaryan's petition for withholding of removal, which requires a higher standard of proof, fails as well. *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir.1995).

Nazaryan's petition for protection under the Convention Against Torture also fails because Nazaryan relies upon the same statements that the IJ found not to be credible. *See Farah*, 348 F.3d at 1157.

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.